UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| T. DORFMAN, INC., a Canadian corporation, and TERRY DORFMAN, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MELALEUCA, INC., an Idaho corporation, and FRANK VANDERSLOOT, individually, and in his official management capacity,<br><br>　　　　　　　Defendants. | Case No. 4:12-cv-00134 -EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiffs' Motion to Modify Scheduling Order and For Leave to File First Amended Complaint (Dkt. 92). In the motion, Plaintiffs, T. Dorfman, Inc. ("TDI") and Terry Dorfman, make two related arguments. First, Plaintiffs argue the Court should determine, pursuant to Fed. R. Civ. P. 16(b)(4), that good cause exists to amend the October 5, 2012 deadline for amendment of pleadings set forth in the Court's original Scheduling Order (Dkt. 48).[1] Second, Plaintiffs contend the Court should grant leave to amend the Complaint in accordance with the liberal standard for amendment of pleadings contained in Fed. R. Civ. P. 15(a)(2).

---

[1] Two amended Scheduling Orders (Dkt. 103 and 133) have been issued in this matter, both of which touch on discovery deadlines not at issue in the instant motion.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record without oral argument. Dist. Idaho Loc. Civ. R. 7.1. Considering the procedural history and posture of this matter, and as elaborated below, the Court finds good cause to amend the Scheduling Order and grants Plaintiffs leave to amend the Complaint.

## BACKGROUND

Between 2002 and 2010, TDI operated as an independent marketing executive for Melaleuca, Inc. Melaleuca manufactures skin care and other health products and markets these products through independent contractors such as TDI. In August of 2010, Melaleuca terminated its contract with TDI based upon TDI's alleged violation of Melaleuca's non-solicitation and conflicts of interest policy (known as "Policy 20").

Following the termination of the contract, TDI and Terry Dorfman (the sole shareholder, officer, and director of TDI) filed this action against Melaleuca and Frank Vandersloot (Melaleuca's CEO) alleging causes of action for breach of contract, defamation, and various other business torts. The defamation claim is of particular note for purposes of the instant motion. That claim relates to statements regarding Plaintiffs made by Defendant Vandersloot during the Melaleuca's 2010 Annual Convention. (*Compl.* at ¶¶ 108-117, Dkt. 2.) Mr. Vandersloot's remarks were audiotaped. Although Plaintiffs received excerpted transcripts of the recording from Defendants early in the

MEMORANDUM DECISION AND ORDER - 2

case, they did not receive the recording itself until April 2013. (*Defs.' Mem. Opp.* at 6, Dkt. 104.)

The timing of these disclosures is significant, as is the current procedural posture of the case. Plaintiffs moved to amend the Complaint with the false light claim and other unopposed changes in May 2013, (Dkt. 92), seven months after the Court's October 5, 2012 deadline for amended pleadings. (Dkt. 48.) Notably, the parties have twice jointly moved for discovery extensions, (Dkt. 102, 132), and the Court has granted both extensions (Dkt. 103, 133). The deadline for completion of discovery in this matter is now January 24, 2014.

The need to extend the discovery deadline arose, in part, from disputes over venue, (Dkt. 32), and disqualification of Plaintiffs' former counsel, (Dkt. 70), which delayed substantive discovery until December 2012—two years after Plaintiffs filed their Complaint and two months after the deadline for pleading amendments. Discovery was delayed further until the parties agreed to, and the Court granted, a Stipulated Motion for Entry of Protective Order in late March 2013. (Dkt. 89.)

In April 2013, the parties began exchanging discovery on a rolling basis. Shortly thereafter, Plaintiffs filed the instant Motion to Modify Scheduling Order and For Leave to File First Amended Complaint. (Dkt. 92.) The motion implicates three proposed substantive changes to the Complaint. The first two— adding a cause of action for attorney fees under Idaho law and adding Melaleuca Canada, Inc., as a party defendant

**MEMORANDUM DECISION AND ORDER - 3**

with corresponding allegations and claims—are not opposed. (*Defs.' Mem. Opp.* at 2 n.1, Dkt. 104 ("Defendants oppose only the addition of a false light claim.").)

Plaintiffs also move to add a false light claim under Idaho law. Like the existing defamation claim, the false light claim arises out of Mr. Vandersloot's statements concerning Plaintiff Dorfman's termination, which he made to Melaleuca business leaders during the August 12, 2010 Leadership Session at Melaleuca Annual Convention. (*Pls.' Reply* at 4-5, Dkt. 113.) Defendants oppose this amendment, arguing Plaintiffs had ample opportunity to add the claim before the Court's deadline and that the claim itself is "duplicative of [Plaintiffs'] defamation claim and futile as a matter of law." (*Defs.' Mem. Opp.* at 4.) Thus, the parties' dispute over the proposed false light claim is the primary issue before the Court.

In addition, Plaintiffs note for the first time in their Reply the need for a fourth amendment—removing the punitive damages allegations in the Complaint. (*Pls.' Reply* at 8.) Although this amendment appears to be unopposed, it is not properly before the Court. However, the Court provides instructions on how to accomplish this amendment below.

## DISCUSSION

**1.    Good Cause to Amend the Scheduling Order**

Once a court enters a scheduling order pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" inquiry under Rule 16 "is not coextensive with an inquiry into the propriety

**MEMORANDUM DECISION AND ORDER - 4**

of the amendment under… Rule 15." *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). While prejudice to the non-moving party is a secondary consideration, the focus of the Rule 16 analysis is on "the diligence of the party seeking the extension." *Id.* In other words, good cause for an extension exists if a party cannot reasonably meet the pretrial schedule despite exercising due diligence.

The facts of *Johnson* are instructive. There, the plaintiff filed suit over injuries sustained when a t-bar ski lift released and threw him to the ground. *Id.* at 606. Johnson's complaint did not name as a defendant Mammoth Mountain Ski Area, Inc., the company that actually owned and operated the ski lift, and instead named Mammoth Recreations, Inc., a holding company with a majority stake in the ski area. *Id.* Johnson, despite repeated clear notice from Mammoth Recreations, failed to amend the complaint to add the ski area until four months after the joinder cutoff date. *Id.* at 607. The United States Court of Appeals for the Ninth Circuit affirmed the district court's determination that Johnson had not been sufficiently diligent, finding Johnson failed "to heed clear and repeated signals" and "failed to pay attention to the [discovery] responses they received." *Id.* at 609-610.

Here, Defendants contend good cause is lacking with respect to Plaintiffs' proposed false light claim. Defendants note Plaintiffs were provided excerpts of Mr. Vandersloot's remarks in December 2010, more than a year ahead of the Court's October 5, 2012 deadline for amended pleadings. These excerpts, they argue, provided ample factual basis for the false light claim. Moreover, Defendants assert the false light claim is

**MEMORANDUM DECISION AND ORDER - 5**

so similar to the existing defamation claim that Plaintiffs could have easily recognized and included it prior to the amendment deadline.

On the other hand, Plaintiffs maintain that the basis for the false light claim only became clear once they received the audiotapes of Mr. Vandersloot's remarks in April 2013. According to Defendants, the previously disclosed transcripts contain "relevant excerpts from the audiotapes." (*Defs.' Mem. Opp.* at 6.) But Plaintiffs contend the excerpts did not provide the full context and content of the speech. Only upon review of the full speech, Plaintiffs argue, was it apparent that Mr. Vandersloot had falsely equated Plaintiff Dorfman with other former Melaleuca marketing executives, whom he accused of raiding Melaleuca's business. (*Pls.' Reply* at 4-5.) In support, Plaintiffs submitted sealed copies of the one-page excerpted transcript, (Dkt. 116-2), for comparison with the 31-page transcript of the full recording (Dkt. 116-1).

Upon review of the two transcripts, the Court finds the full transcript does provide additional context and content that bears on the proposed false light claim. Further, Plaintiffs could not, despite their diligence, have known of this additional context or content until the audiotapes were produced in discovery. Plaintiffs were not present at the Melaleuca's 2010 Annual Convention. And a single page of hand-picked excerpts is a far cry from the full text of a speech that arguably contains multiple, additional direct and indirect references to Plaintiffs. Unlike the plaintiff in *Johnson*, Plaintiffs here have not ignored information obtained in discovery or Defendants' repeated signals. Rather, Plaintiffs filed the instant motion soon after receiving the full speech. Therefore, the

**MEMORANDUM DECISION AND ORDER - 6**

Court finds good cause to modify the Scheduling Order's deadline for amendment of pleadings.

## 2. The Proposed False Light Amendment

But a finding of good cause does not resolve the motion. Federal Rule of Civil Procedure 15(a)(2) dictates that the "court should freely give leave [to amend pleadings before trial] when justice so requires." Unlike the Rule 16 analysis above, the primary question under Rule 15's liberal standard is whether "some apparent or declared reason" exists to deny leave to amend. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend may be denied if the amendment is proposed in bad faith, calculated to cause undue delay, prejudicial to the opposing party, or futile. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). But, "[g]enerally, this determination should be performed with all inferences in favor of granting the motion." *Id*.

Defendants' chief argument in this regard is that Plaintiffs' proposed false light claim is "duplicative [of the defamation claim] and futile." (*Defs.' Mem. Opp.* at 8.) Noting that false light claims often fail for the same reasons as related defamation claims, Defendants cite to a string of opinions from outside Idaho that decline to recognize the tort of false light. Defendants go on to argue that the "Idaho Supreme Court implicitly support this approach" by citing Idaho Supreme Court cases that *expressly* recognize the tort of false light as one of four possible claims for invasion of privacy. (*Id.* at 8-9); *see also Steele v. Spokesman-Review,* 61 P.3d 606, 610 (Idaho 2002) ("One of the elements of invasion of privacy by false light requires 'public disclosure of falsity or fiction

**MEMORANDUM DECISION AND ORDER - 7**

concerning the plaintiff.' *Hoskins v. Howard*, 971 P.2d 1135, 1140 ([Idaho] 1998).") From this tenuous position, Defendants urge the Court to find the proposed amendment futile because the false light claim is "subsumed" by the defamation claim. (*Defs.' Mem. Opp.* at 9.)

The substantive law of Idaho controls this diversity action. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Far from being subsumed by the tort of defamation, false light is recognized as a distinct cause of action under Idaho law. *See, e.g., Peterson v. Idaho First National Bank*, 367 P.2d 284, 287-288 (Idaho 1961). It would be an incorrect statement of controlling law—and premature at this stage in the litigation—to conclude Plaintiffs' false light claim is futile as a matter of law simply because it arises out of the same factual circumstances as the defamation claim.

Indeed, the factual similarity between the defamation and false light claims indicates the addition of the latter claim will not unduly prejudice Defendants. Moreover, the false light claim does not appear to be raised in bad faith or calculated to delay these proceedings. As Defendants point out, the false claim relates to circumstances the parties have explored in discovery. (*Defs.' Mem. Opp.* at 6.) The addition of the false light claim should, therefore, not measurably expand the scope of discovery or significantly alter Plaintiffs' overall theory of the case. Thus, considering the significant time left for discovery, the Court concludes there is no just reason to deny Plaintiffs leave to amend.

**MEMORANDUM DECISION AND ORDER - 8**

3.     **The Proposed Amendment to Remove Punitive Damages Allegations**

Plaintiffs, in their Reply, for the first time raise the need to further amend the Complaint by removing the existing punitive damages allegations. (*Pls.' Reply* at 8.) It appears the parties have met, conferred, and reached an agreement on the need for and substance of this amendment. (*Id.*) The amended Complaint filed pursuant to this Order should reflect this agreement.

## CONCLUSION

Because Plaintiffs did not obtain the full transcript of Mr. Vandersloot's Convention speech until April 2013, they could not, with due diligence, have known its full content and context before the Court's pleading amendment deadline. Thus, the Court finds good cause for extending the deadline to allow Plaintiffs to amend the Complaint. Consistent with Idaho law, the Court also finds Plaintiffs' proposed false light claim is distinct from the defamation claim and therefore not futile as a matter of law. Given the factual similarity between the two claims, addition of the false light claim at this stage in the proceedings will not be unduly prejudicial to Defendants. Therefore, the Court will grant Plaintiffs leave to add the false light claim and to make any other unopposed amendments before the deadline specified below.

**MEMORANDUM DECISION AND ORDER - 9**

## ORDER

Based on the foregoing and being otherwise fully advised in the premises, **IT IS HEREBY ORDERED**:

(1) Plaintiffs' Motion to Modify Scheduling Order and For Leave to File First Amended Complaint (Dkt. 92) is **GRANTED**;

(2) The Scheduling Order (Dkt. 48) deadline for amendment of pleadings is extended to **October 31, 2013**. All other relevant deadlines set in the Scheduling Order (Dkt. 48) and the Order Granting Second Joint Stipulated Motion to Amend Scheduling Order (Dkt. 133) remain in effect; and

(3) Plaintiffs are hereby granted leave to file the proposed First Amended Complaint (Dkt. 92-1), including any stipulated amendments regarding punitive damages, on or before **October 31, 2013**.

Dated: **October 18, 2013**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 10**